■ MICHAEL A. CIUFFO, Appellant, v KARI TESTA et al., Respondents. [987 NYS2d 170]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Diamond, J.), entered March 15, 2013, which granted the motion of the defendants Kari Testa and Peter Testa, and the separate motion of the defendant Iclida U. Quary, for summary judgment dismissing the complaint insofar as asserted against each of them on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident, and denied, as academic, his cross motion for summary judgment on the issue of liability.

Ordered that the order is reversed, on the law, with one bill of costs payable by the defendants appearing separately and filing separate briefs, the motion of the defendants Kari Testa and Peter Testa, and the separate motion of the defendant Iclida U. Quary, for summary judgment dismissing the complaint insofar as asserted against each of them are denied, and the matter is remitted to the Supreme Court, Nassau County, to determine the plaintiff's cross motion on the merits.

The defendants, moving separately but relying on the same evidence and arguments, failed to meet their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The papers submitted by the defendants failed to adequately address

the plaintiff's claim, set forth in the bills of particulars, that he sustained a serious injury to the cervical region of his spine under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d) (*see Staff v Yshua*, 59 AD3d 614 [2009]).

Since the defendants did not sustain their prima facie burden, it is unnecessary to determine whether the papers submitted by the plaintiff in opposition were sufficient to raise a triable issue of fact (*see Che Hong Kim v Kossoff*, 90 AD3d 969 [2011]). Accordingly, the Supreme Court should have denied the defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against each of them.

In light of our determination, we remit the matter to the Supreme Court, Nassau County, to determine the plaintiff's cross motion for summary judgment on the issue of liability on the merits (*see Alvarez v Dematas*, 65 AD3d 598, 599 [2009]). Mastro, J.P., Hall, Lott, Austin and Duffy, JJ., concur.